PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* BRAULIO MALDONADO, Defendant and Appellant.

No. 3416.   Argued May 31, 1928.—Decided June 8, 1928.

*F. Cervoni Gely* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted of an attempt to commit manslaughter and says that the court erred in refusing to dismiss the action because of the filing of a new information in the office of the secretary by the district attorney, without leave of court, and subsequently to the dismissal of a previous

318

information presented after the expiration of one hundred and twenty days following the arrest of defendant.

It would suffice to say that there is no separate assignment of error, and that the brief for appellant contains no indication as to any page or portion of the transcript where evidence of the facts relied upon can be found. Nor does a cursory examination of the record disclose any satisfactory basis for the contention of appellant. The only information before this court is one subscribed and sworn to by the district attorney on November 1, 1926. To this information defendant pleaded not guilty on November 16th. The stenographic record recites that at the opening of the trial counsel for defendant moved to dismiss the action upon the ground that, after the dismissal of an information presented on October 28, 1926 (because the same had not been presented within a hundred and twenty days after the arrest of defendant), the district attorney had presented a new information without permission of the court, and without having presented it in open court as required by law. The record further informs us that the *fiscal* objected to the proposed dismissal, that the court overruled the motion, and that the defendant took an exception. In the absence of any indication as to the grounds upon which the district attorney based his objection to the motion, or as to the reasons which prompted the court to sustain that objection, we can not assume with appellant that the facts referred to in the motion to dismiss were a matter of record in the court below at the time of such motion. Until the contrary is made to appear, the proceedings must be presumed to have been regular and the ruling of the trial judge to have been correct.

In any event, the instant case would seem to be governed by the doctrine announced in *People* v. *Barbosa,* 34 P.R.R. 106. The cases of *People* v. *Heider,* 11 L.R.A. (N. S.) 257, and *In re Begerow,* 56 L.R.A. 528, relied upon by appellant, are not in point. They are clearly distinguished by the

*fiscal* of this court in a manner which relieves us from the necessity of further discussion.

Another suggestion to the effect that the verdict is contrary to the evidence is also without merit.

The judgment appealed from must be affirmed.